**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| TYREE D., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:23-cv-17071 |
| v. | ) | |
| | ) | Magistrate Judge Jeannice W. Appenteng |
| FRANK BISIGNANO, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Tyree D. seeks to overturn the final decision of the Commissioner of

Social Security ("Commissioner") denying his applications for Disability Insurance

Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI

of the Social Security Act. The parties consented to the jurisdiction of the United

States Magistrate Judge pursuant to 28 U.S.C. § 636(c), and filed cross-motions for

summary judgment. After review of the record and the parties' respective

arguments, the Court denies plaintiff's motion and grants the Commissioner's

motion.

**BACKGROUND**

Plaintiff applied for DIB and SSI benefits in October 2020 and January 2021,

respectively, alleging disability since June 1, 2020 due to depression, anxiety, and a

sore shoulder. Administrative Record ("R.") 324, 328, 397. Born in January 1980,

plaintiff was 40 years old as of the alleged onset date, making him a younger person

(under age 50). 20 C.F.R. § 404.1563(c); 20 C.F.R. § 416.963(c). R. 324. He graduated

from college and lives with his sister. R. 49, 398. Plaintiff worked for more than 10 years as a customer service representative for a governmental agency but he quit in December 2020 because "they were going to let me go." R. 49, 398. He has not engaged in substantial gainful activity since that date.

The Social Security Administration denied plaintiff's applications initially on April 15, 2021, and upon reconsideration on October 6, 2021. R. 106-65. Plaintiff filed a timely request for a hearing, appeared before an administrative law judge ("ALJ") in March 2022, and received an unfavorable decision on June 28, 2022. R. 38, 170-91. On December 8, 2022, however, the Appeals Council ordered a new hearing because, due to a technical error, the testimony from the March 2022 recording was inaudible. R. 200-01. The new hearing took place on April 21, 2023 before a different ALJ. R. 41. The ALJ heard testimony from plaintiff, who chose to proceed without representation, and from vocational expert Julie Bose (the "VE"). R. 42-64. On July 13, 2023, the ALJ found that plaintiff's rotator cuff calcific tendinitis, otherwise known as calcific tendonitis of both shoulders, worse on the right as compared to left; left knee patellofemoral pain syndrome; and obesity are severe impairments, but that they do not alone or in combination with plaintiff's non-severe physical and mental impairments meet or medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 16-24.

After reviewing the evidence, the ALJ concluded that plaintiff has the RFC to perform light work with certain postural, manipulative, and non-exertional restrictions. R. 24-31. The ALJ accepted the VE's testimony that a person with

plaintiff's background and this RFC could not perform plaintiff's past customer service work, but could perform a significant number of other jobs available in the national economy. R. 31-32. As a result, the ALJ concluded that plaintiff was not disabled at any time from the alleged disability onset date through the date of the decision. R. 32-33. The Appeals Council denied plaintiff's request for review on October 27, 2023. R. 3-7. That decision stands as the final decision of the Commissioner and is reviewable by this Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005); *Whitney v. Astrue*, 889 F. Supp. 2d 1086, 1088 (N.D. Ill. 2012).

In support of his request for reversal or remand, plaintiff argues that the ALJ: (1) failed to properly assess his mental impairments; (2) failed to properly assess his physical impairments; and (3) improperly relied on the VE's testimony at Step 5 of the analysis.[1] For reasons discussed in this opinion, the Court finds that the ALJ's decision is supported by substantial evidence.

## DISCUSSION

### A.     Standard of Review

A claimant is disabled within the meaning of the Social Security Act if he is unable to perform "any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in

---

[1] Arguments not specifically addressed in this opinion were not reasonably developed and have been waived. *See, e.g., Crespo v. Colvin*, 824 F.3d 667, 673 (7th Cir. 2016) ("perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived").

death or which has lasted or can be expected to last for a continuous period of not less than 12 months."[2] 20 C.F.R. § 404.1505(a). In determining whether a claimant suffers from a disability, an ALJ must conduct a standard five-step inquiry, which involves analyzing: "(1) whether the claimant is currently employed; (2) whether [the claimant] has a severe impairment or a combination of impairments that is severe; (3) whether [the claimant's] impairments meet or equal any impairments listed as conclusively disabling; (4) whether [the claimant] can perform . . . past work; and (5) whether [the claimant] is capable of performing any work in the national economy." *Gedatus v. Saul*, 994 F.3d 893, 898 (7th Cir. 2021) (citing 20 C.F.R. § 404.1520(a)-(g)). If the claimant meets his burden of proof at steps one through four, the burden shifts to the Commissioner at step five. *Id.*

In reviewing an ALJ's decision, the Court "will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute [its] judgment for the ALJ's determination so long as substantial evidence supports it." *Warnell v. O'Malley*, 97 F.4th 1050, 1052-53 (7th Cir. 2024) (quoting *Gedatus*, 994 F.3d at 900). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (citation omitted). "[S]ocial-security adjudicators are subject to only the most minimal of articulation requirements," and ALJs need only provide "an explanation for how the evidence leads to their conclusions that is sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and

---

[2] Because the regulations governing DIB and SSI are substantially identical, for ease of reference, only the DIB regulations are cited herein.

afford [the appellant] meaningful judicial review." *Warnell*, 97 F.4th at 1053-54 (internal quotations omitted) (in "shorthand terms," an ALJ must build a "logical bridge from the evidence to his conclusion"); *Morales v. O'Malley*, 103 F.4th 469, 471 (7th Cir. 2024).

**B.    Analysis**

**1.    Mental Impairments**

Plaintiff argues that the case must be reversed or remanded because the ALJ erred in considering his mental impairments. Dkt. 28 at 1-11. The ALJ determined that plaintiff's anxiety, depression, adjustment disorder, and personality disorder are non-severe impairments that cause no more than mild limitations in the four areas of mental functioning. R. 18-23. Nevertheless, to accommodate plaintiff's complaints of physical pain and the impact of all his impairments in combination, the ALJ limited plaintiff to simple, routine, repetitive tasks involving simple work-related decisions, and only occasional changes. R. 22, 24. In reaching this conclusion, the ALJ discussed the medical evidence of record showing that plaintiff's mental exams were routinely within normal limits despite some anxiety and agitation. *Id.*

On December 31, 2019, plaintiff complained to internist Susan M. Sheneman, M.D., of experiencing depressive symptoms for the previous two weeks. R. 18, 611-12. A mental status exam revealed normal mood and affect but Dr. Sheneman assessed current episode of major depressive disorder without prior episode and referred plaintiff to a therapist. R. 18, 611. On March 18, 2020, plaintiff started

treating with D.W. De Vose, Ph.D. Dr. De Vose assessed normal behavior, mood, affect, thought process, insight, judgment, thought content, and perception. R. 18, 809. Plaintiff saw Dr. De Vose eight more times in 2020, and though he occasionally exhibited a moderately anxious mood and agitation, he also had intact judgment, normal insight, normal thought process, and normal thought content. R. 18, 793, 795, 797, 799, 801, 803, 805, 807.

Notably, plaintiff continued to do well after he stopped seeing Dr. De Vose in October 2020. During a visit to the Emergency Department ("ED") on September 3, 2020, plaintiff denied having a history of depression or anxiety, R. 695, and mental status exams in December 2020, June 2021, September 2021, October 2021, December 2021, May 2022, September 2022, November 2022, and January 2023 were all normal. R. 18-20, 915, 925, 1006, 1028, 1036, 1066, 1092, 1134, 1196. Throughout this time, plaintiff never took medication for his mental conditions and no physician of record ever recommended that he do so. R. 18.

Plaintiff argues generally that his "mental state was all over the place on different days," and contends that the normal findings merely reflect his functioning at a particular moment and are not indicative of an ability to work. Dkt. 28 at 5. Yet plaintiff does not identify any records showing he has greater mental deficits or functional restrictions than the ALJ found. *See Deborah M. v. Saul*, 994 F.3d 785, 789 (7th Cir. 2021) (no error where the ALJ "did not 'ignore an entire line of evidence that supported a finding of disability.'"). The mere fact that plaintiff was diagnosed with "four mental disorders," Dkt. 28 at 4, is not sufficient. *Weaver v.*

6

*Berryhill*, 746 F. App'x 574, 578-79 (7th Cir. 2018) ("[Plaintiff] having been diagnosed with these impairments does not mean they imposed particular restrictions on her ability to work. . . . It was [plaintiff]'s burden to establish not just the existence of the conditions, but to provide evidence that they support specific limitations affecting her capacity to work."). Indeed, "[a] person can be depressed, anxious, and obese yet still perform full-time work." *Gentle v. Barnhart*, 430 F.3d 865, 868 (7th Cir. 2005).

In addition to the treatment notes, the ALJ also addressed the opinions of record. Since plaintiff filed his claims in October 2020 and January 2021, the treating source rule used for claims filed before March 27, 2017 does not apply. This means the ALJ was not required to "defer or give any specific evidentiary weight" to any medical opinion, including a treating physician's opinion. 20 C.F.R. § 404.1520c(a). *See also Robert J. L. v. O'Malley*, No. 20 CV 50444, 2024 WL 809091, at *2 (N.D. Ill. Feb. 27, 2024). Instead, the ALJ was required to determine the "persuasiveness" of each medical opinion considering: "supportability, consistency, the medical professional's relationship with the claimant (including the length of the treatment relationship, frequency of examinations, and purpose and extent of the treatment relationship), specialization, and other facts that tend to support or contradict a medical opinion." *Cain v. Bisignano*, 148 F.4th 490, 496-97 (7th Cir. 2025) (citing 20 C.F.R. § 416.920c(c)(1)-(5)). "The most important of these factors are supportability and consistency"; indeed, "[t]he ALJ must explain its consideration of these two factors but need not address the remaining factors." *Id.* at 497.

There are no treating opinions in the record[3] but on January 6, 2021, consultative examiner Jennifer Cilino-Folks, Psy.D., assessed plaintiff with borderline personality disorder and stated that he is mildly to moderately limited in his ability to respond appropriately to supervision, co-workers, and work pressures. R. 851. The ALJ concluded that this opinion was only mildly persuasive given its inconsistency with the largely normal objective findings on exam and plaintiff's cooperative demeanor with multiple providers. R. 19, 638, 687, 695, 793, 1028, 1036, 1232, 1240. *See Alejandrina A. v. Kijakazi*, No. 20 CV 4089, 2023 WL 2539239, at *12 (N.D. Ill. Mar. 16, 2023) (citing *Karr v. Saul*, 989 F.3d 508, 512 (7th Cir. 2021)) (ALJ properly discounted physician's statement that was "inconsistent with other objective evidence in the record."). Dr. Cilino-Folks herself described plaintiff as pleasant and cooperative with appropriate eye contact, normal thought process, full ability to concentrate and persist on tasks, and no difficulty relating to the examiner, remembering pertinent details, or understanding what was asked of him. R. 19, 851. *See Pavlicek v. Saul*, 994 F.3d 777, 781 (7th Cir. 2021) (an ALJ may decline to credit a treating physician's opinion when it "is inconsistent with the physician's treatment notes."). Given this evidence, the ALJ reasonably concluded that Dr. Cilino-Folks based her decision solely on plaintiff's "self-reported allegations." R. 19. *Ketelboeter v. Astrue*, 550 F.3d 620, 625 (7th Cir. 2008) ("[I]f the

---

[3] Plaintiff refers generally to Dr. De Vose's treatment notes, Dkt. 28 at 5, but as defendant correctly observes, plaintiff "does not identify any medical opinion, provide any page number, or point to any specific appointment." Dkt. 29 at 11. In any event, the ALJ thoroughly considered Dr. De Vose's treatment notes in assessing plaintiff's mental functioning. R. 18-19.

8

treating physician's opinion is . . . based solely on the patient's subjective complaints, the ALJ may discount it.").

Plaintiff argues that it was "illogical and unreasonable" for the agency to demand that he meet with Dr. Cilino-Folks and then disregard her report in assessing his RFC. Dkt. 28 at 6. "However, the RFC determination is the province of the ALJ, . . . and 'an ALJ is not required to rely entirely on a particular physician's opinion or choose between the opinions [of] any of the claimant's physicians [in making that determination].'" *Julia R. v. Saul*, No. 19 CV 1570, 2019 WL 6877597, at *2 (N.D. Ill. Dec. 17, 2019) (quoting *Schmidt v. Astrue*, 496 F.3d 833, 845 (7th Cir. 2007)). Notably, state agency reviewer Jeanne Yakin, Ph.D., considered Dr. Cilino-Folks' assessment in determining that plaintiff's mental impairments are non-severe and do not impose any related restrictions. R. 152, 161. And during a February 18, 2021 independent medical consultative examination, Yevgeniy Bukhman, D.O., found plaintiff to have intact memory, normal affect, and excellent effort and cooperation. R. 867. Plaintiff fails to explain how these records evidence a complete inability to work.

There is finally no merit to plaintiff's assertion that the ALJ erred in considering his activities of daily living in assessing his mental functioning. Dkt. 28 at 8-10. It is proper to consider a claimant's daily activities, *Alvarado v. Colvin*, 836 F.3d 744, 750 (7th Cir. 2016), and the ALJ did not equate plaintiff's activities with an ability to work. *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019). Rather, the ALJ reasonably determined that plaintiff's stated ability to manage his

finances, follow spoken and written instructions "pretty well," go out independently, shop in stores, travel overseas, go to the gym, and get along with friends and family was inconsistent with his claims of disabling psychological symptoms and reflected no more than mild functional limitations. R. 21-22. Plaintiff disagrees with the ALJ's assessment but it was not "patently wrong." *Grotts v. Kijakazi*, 27 F.4th 1273, 1279 (7th Cir. 2022). And as noted earlier, this Court "will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute its judgment for the ALJ's determination." *Chavez v. O'Malley*, 96 F.4th 1016, 1021 (7th Cir. 2024).

Viewing the record as a whole, the ALJ did not commit reversible error in assessing plaintiff's mental functioning. *See Jarnutowski v. Kijakazi*, 48 F.4th 769, 773 (7th Cir. 2022) (courts "apply a very deferential standard of review to the ALJ's decision"). Plaintiff may wish the ALJ had evaluated the evidence differently, but that is not a sufficient basis to remand the case.

### 2.    Physical Impairments

Plaintiff next argues that the case must be reversed or remanded because the ALJ erred in evaluating his physical impairments. Dkt. 28 at 11-16. The ALJ determined that notwithstanding plaintiff's rotator cuff calcific tendinitis, left knee patellofemoral pain syndrome, and obesity, he retains the RFC to perform light work involving: occasional lifting and carrying of 20 pounds; frequent lifting and carrying of 10 pounds; sitting, standing, and walking for 6 hours in an 8-hour workday; occasional crawling; frequent balancing, stooping, kneeling, and

10

crouching; no climbing of ladders, ropes, or scaffolds; and frequent reaching overhead with both arms. R. 24.

Plaintiff first objects to the ALJ's conclusion that he does not have any impairments that meet or medically equal a listed impairment. Dkt. 28 at 11-12; R. 23-24. "The Listings involve cases where the impairment(s) is so severe that there is no need to evaluate the limits of what a claimant can actually do; thus, if a claimant satisfies the requirements of a Listing, [he] is presumptively disabled and no further consideration is required." *Acera B. v. Saul*, No. 20 CV 1674, 2021 WL 2222605, at *3 (N.D. Ill. June 2, 2021). Plaintiff "bears the burden of proving his condition meets or equals a listed impairment" and "must satisfy all of the criteria in [a] Listing in order to receive an award of disability insurance benefits." *Cathy D. H. v. O'Malley*, No. 21 CV 5992, 2024 WL 3177431, at *3 (N.D. Ill. June 26, 2024) (quoting *Rice v. Barnhart*, 384 F.3d 363, 369 (7th Cir. 2004), and *Maggard v. Apfel*, 167 F.3d 376, 380 (7th Cir. 1999)).

Plaintiff makes no attempt to demonstrate that the severity of his physical impairments meets or equals the specific criteria of any particular listing as he is required to do. *Rice*, 384 F.3d at 369. He also fails to identify any physician who opined that he is presumptively disabled at Step 2 of the analysis, or address the state agency reviewer's contrary finding. R. 117, 136. Even assuming the ALJ made some unspecified error in discussing the listing, "we do not reverse if the claimant fails to show that he meets the criteria for that listing." *Sosinski v. Saul*, 811 F. App'x 380, 381 (7th Cir. 2020).

11

Also unavailing is plaintiff's argument that the ALJ did not properly consider the effects of his obesity and shoulder tendinitis on his physical functioning. Dkt. 28 at 13-14. The ALJ expressly evaluated plaintiff's obesity in combination with his other impairments, in accordance with SSR 19-2p, and cited that condition as one reason she limited plaintiff to only frequent balancing, stooping, kneeling, and crouching. R. 23, 30. And the ALJ accounted for plaintiff's shoulder impairment by limiting him to no more than frequent overhead reaching. R. 30.

Plaintiff states in conclusory fashion that the record "contains a great deal of evidence to suggest that his obesity had a negative effect on his functioning" and prevents him from working. Dkt. 28 at 12-13. But plaintiff does not identify the referenced "evidence," specify which additional restrictions he believes the ALJ omitted from the RFC, or point to any physician of record who found him more limited than the ALJ. "The lack of an opposing medical opinion [imposing greater restrictions than those the ALJ found in her decision] makes it difficult for [this Court] to find that the ALJ misjudged the evidence so significantly as to warrant reversal." *Tutwiler v. Kijakazi*, 87 F.4th 853, 860 (7th Cir. 2023). *See also Hernandez v. Astrue*, 277 F. App'x 617, 624 (7th Cir. 2008) (no error in considering obesity where the plaintiff "did not articulate how her obesity exacerbated her underlying conditions and further limited her functioning—as it was her burden to do.").

As for plaintiff's complaints of disabling pain, the ALJ reasonably determined that they were not consistent with diagnostic tests revealing only mild

12

abnormalities, as well as plaintiff's ability to manage his symptoms conservatively with steroid injections and physical therapy. R. 25-30, 716, 847, 873, 882, 1134, 1344, 1346. *See Edward H. v. Kijakazi*, No. 20 CV 3847, 2023 WL 2683171, at *10 (N.D. Ill. Mar. 29, 2023) (citing *Simila v. Astrue*, 573 F.3d 503, 519 (7th Cir. 2009) ("As a general matter, an ALJ is entitled to consider the routine and conservative nature of a claimant's treatment in assessing the claimant's credibility."); *Prill v. Kijakazi*, 23 F.4th 738, 749 (7th Cir. 2022) ("Prill's treatment – injections, orthotics, and physical therapy – was conservative").

Viewing the record as a whole, the ALJ's assessment of plaintiff's physical functioning is supported by substantial evidence. *See Jarnutowski*, 48 F.4th at 773. Therefore, plaintiff's motion for summary judgment on this issue is denied.

### 3. VE Testimony

Finally, plaintiff challenges the ALJ's determination at Step 5 of the sequential evaluation. Dkt. 28 at 16-18. The ALJ accepted the VE's uncontroverted testimony that a person with plaintiff's background and RFC could perform a significant number of jobs available in the national economy, including office helper, mail clerk, and order clerk. R. 31-32, 60-61. *See Devonna S. v. Bisignano*, No. 24 CV 8944, 2026 WL 323279, at *4 (N.D. Ill. Feb. 6, 2026) ("[T]he ALJ was permitted to rely upon the testimony from the VE, who is an expert in her field."). Plaintiff disputes this finding but provides nothing more than a conclusory assertion that "there were not jobs that existed in significant numbers in the national economy that Claimant could had actually performed [sic]." Dkt. 28 at 17. This is insufficient

to justify remanding the ALJ's decision. *See Stewart v. Berryhill*, 731 F. App'x 509, 510 (7th Cir. 2018) ("Unsubstantiated claims are of course, no substitute for evidence.") (internal quotations omitted); *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("A skeletal 'argument,' really nothing more than an assertion, does not preserve a claim.").

Viewing the record as a whole, the ALJ reasonably relied on the VE's uncontested testimony at Step 5. Plaintiff's motion to remand the case for further consideration of this issue is denied.

<u>**CONCLUSION**</u>

For the reasons stated above, plaintiff's motion for summary judgment [28] is denied, and the Commissioner's motion for summary judgment [20] is granted. The Clerk is directed to enter judgment in favor of the Commissioner.

**SO ORDERED.**

Dated: 6/12/2026

_____
**Jeannice W. Appenteng**
**United States Magistrate Judge**

14